Nelson, Ch. J.
dissenting. I cannot concur in the opinion that the statute authorizing the laying out of private roads is unconstitutional and void. It was first enacted by the colonial legislature in 1772, and has been in force in the colony and state ever since—a period of about seventy years. (See 2 Laws of N. Y. 664, § 19, Van Sch. ed.; id. 723, (2; 1 Laws of N. Y. 139, 141, § 2, 13, Jones & Var. ed.; 2 R. L. of 1813; p. 276, § 20; 1 R. S. 517, § 77 to 79.) (a) Its constitutionality has never before, so far as I know, been doubted.
*149 Two points were taken in argument, either of which, it was supposed, would be sufficient to require us to adjudge the act in question invalid. They are based upon the provisions in our state constitution, which declare, 1. That private property shall not be taken for public use without just compensation ; and 2. That no person shall be deprived of life, liberty or property, without due process of law. (Const. of N. Y. 1821, Art. 7, § 7.) The old constitution of 1777 embraced neither of these provisions, though the latter formed a part of the bill of rights passed in January, 1787, (1 R. L. of 1813, p. 47, § 2,) and of course has stood fifty-six years co-temporary with the statute under consideration. Both clauses áre found in the amendments to the constitution of the United States, (Art. 5 ;) but this was designed as a limitation of the powers of the national government, and is inapplicable to the legislation of the states. (Barron v. The Mayor &c. of Baltimore, 7 Peters’ Rep. 243; Livingston v. The Mayor &c. of New-York, 8 Wend. 85 ; 2 Cowen’s Rep. 818, and note (b).)
1. It is said the laying out of a private road over the land of another is an appropriation of the property for private and not for public purposes, and therefore a violation of the spirit of that clause in the constitution which forbids the taking of it for public use without making just compensation. Whether the security of the citizen against such arbitrary legislation as the argument contemplates, depends upon this clause of the constitution, or rests upon the broader and more solid ground of natural right never delegated by the people to the law making power, it is unnecessary now to enquire. I am far from disputing the existence of the rule itself. Private property cannot be taken for strictly private purposes without the consent of the owner, whether compensation be provided or not. But I deny that the statute authorizing the laying out of private ways is at all in conflict with the general rule. The construction of roads and bridges is a power belonging to all governments, in the exercise of which every citizen or subject is deeply concerned. Works of this nature are indispensable *150 to the prosperity of a country. They must begin with its earliest settlement and keep pace with its advancement in population, in commerce and social enjoyment. So intimately are they interwoven with individual enterprize and the public welfare, that their establishment and regulation have hitherto been regarded as an essential branch of internal police; the first to be attended to, and the last to be neglected. Private roads in the settlement of a country are often as necessary for the accommodation of the inhabitants, as those of a public nature. Thoroughfares and highways cannot, be made to traverse every part of the territory, so as to reach the dwellings of all who need their use. And what must be the unavoidable result, if the power to lay out private roads under public authority be denied 1 We have in this state about eight hundred towns, and I doubt not there may be an average of some two or three private roads in each, accommodating probably four thousand or more inhabitants. Is not the public interest concerned that they shall have access to our highways and thoroughfares I If it be refused them, how are they to discharge the various duties enjoined by law, or enjoy the privileges which the law was intended to secure to them 1 With what propriety can they be called on to work upon the high - ways, to serve in the militia, as jurors, or as public officers, when they cannot leave their possessions without committing a trespass 1 In what way are they to exercise the elective franchise, or avail themselves of the numerous rights, civil and political, designed by government as the common property of all I A denial of the power in question would operate like a sentence of disfranchisement and outlawry pronounced against them, though chargeable with nothing save misfortune.
The considerations thus briefly suggested, and others of a like nature which might be adverted to, are sufficient to show that the taking of private property, under legislative authority, for the purpose of being used as a road, whether to accommodate one man or more, falls strictly within the right of eminent domain j a right that no one disputes, and under which the government *151 may always take the property of the citizen if the public interest or welfare demand it. All our grants to individuals and corporate bodies for the purpose of making turnpikes, bridges, rail-roads and canals, for establishing ferries, erecting wharves and basins, and draining swamps, marshes &c., stand upon this principle. (Commonwealth v. Breed, 4 Pick. 460, 463 ; Cotrill v. Myrick, 3 Fairf. 222, 233 ; Dyer v. Tuscaloosa Bridge Company, 2 Porter’s Rep. 296,303 ; Boston Water Power Co. v. Boston & Wor. Rail Road Co., 23 Pick. 394,5 ; 2 Kent’s Com. 340, 4th ed. and the notes.) And I assent to the proposition laid down by Chancellor Walworth in Beekman v. The Saratoga & Schenectady Rail Road Co., (3 Paige, 73,) viz. that “if the public interest can be in any way promoted by the taking of private property, it must rest with the wisdom of the legislature to determine whether the benefit to the public will be of sufficient importance to render it expedient for them to exercise the right of eminent domain.” (See also Varíck v. Smith, 5 Paige, 137; Commonwealth v. Breed, 4 Pick. 463, per Morton, J.; Boston Water Power Co. v. Boston & Wor. Rail Road Co., 23 Pick. 394, 5, per Shaw, Ch. J.; 4 Kent’s Com. 340, 4th ed., note.) In Pennsylvania it has been expressly decided, notwithstanding a clause in their constitution similar to the one in ours, that the legislature may authorize the laying out of private ways for the purpose of enabling citizens to reach the public thoroughfares. (Harvey v. Thomas, 10 Watts’ Rep. 63.) (b)
2. As to the clause in the constitution declaring that no person shall be deprived of his property without due process of law, (Art. 7, § 7,) it is sufficient to refer to the authorities establishing that this provision has no necessary application where *152 the government, in the exercise of the right of eminent domain, authorizes the taking of private property for public purposes.' (Livingston v. The Mayor 7c. of New-York, 8 Wend. 85 ; Bloodgood v. The Mohawk & Hudson Rail Road Co., 18 id. 1; Beekman v. The Saratoga & Schenectady Rail Road Co., 3 Paige, 45 ; Varick v. Smith, 5 id. 137.)
3. There is another view of this question wdiich appears to me decisive. I have already stated that the statute for laying out private roads was passed in 1772, and has been in full and active operation ever since. The old constitution was adopted in April, 1777, and, among other things, ordained, “ that such parts of the common law of England &e,, and of the acts of the legislature of the colony of New-York, as together did form the law of. the said colony on the 19th of April, 1775, shall be. and continue the law of this state,” subject to modification by the legislature. An exception is then made in repect to all laws, repugnant to the Constitution. {Const, of 1777, ^ 35.) As there is nothing to be found, however, in any of its provisions at variance with, the right of authorizing the laying 'out of private roads, the section quoted amounts to a direct constitutional affirmance of the act of 1772. Our present constitution, which was adopted in 1821, ordained that “ such parts of the common law, &c. and such acts of the legislature as are now in force, shall be and continue the law o.f this state,” subject to alteration by the legislature; and then an exception is added similar to the one contained in the former constitution. {Const, of 1821, Art. 7, § 13.) Now I find no direct assertion of any principle in the new constitution to which the statute in question can be said to be repugnant. The clause forbidding pri-vate property to be taken for public use without just compem sation does not reach it; or if it does, the condition has been complied with, as the statute expressly provides for compensation. Even were it conceded that the statute is in violation of natural right, still the people might adopt it, if they thought proper, as a part of the fundamental law of the state; and I think they have done so. The only other clause of the constitution *153 to which the statute can be said to be repugnant, is the one which forbids that any citizen shall be deprived of his property ' without due process of law. This, we have seen, was contained in the bill of rights passed in January, 1787, and of course stood upon the statute book along with the act in question for about thirty-five years preceding the adoption of the new constitution, and has since existed in the form of a constitutional provision for about twenty-two years ; and during all that time, neither lawyer nor layman, legislator nor judge, has ventured to suggest there was a discrepancy between the fundamental law and the statute. As the legislative, professional and judicial intelligence of the state for the last half century has failed to discover any such discrepancy, and the people have acted under the statute for so long a fio cl without a doubt of its validity being raised, this praci.cal approval of its provisions, as w.ell as of the constitution, should be regarded as decisive in favor of the interpretation which harmonizes both. There can be no doubt, the universal opinion heretofore has been, that the law authorizing the laying out of private roads stands upon the same principle with the law in respect to highways ; and that all these improvements, if' not equally necessary, are at least so much a matter of public concern as to justify the full exercise of the right of eminent domaip.
I will add, if the government of this state does not possess the power of authorizing the laying out of private roads, it is probably the only state government in the union to which the power has been denied; and I may probably say, the only government in the world.
Judgment for the plaintiff.

 And see 3 Laws of N. Y. 258, § 17, Web. ed.; 1 Laws of N. Y. 595, § 16, Kent & Rad. ed.

 The provision in the constitution of Pennsylvania is thus: “ Nor shall any man’s property be taken or applied to public use, without the consent of his represen, tatives, and without just compensation being made.” (Art. 9, § 10.) It also pro. vides, that no person shall “ be deprived of his life, liberty or property, unless by the judgment of his peers, or the law of the land.” (Art. 9, § 9.)